298

Merrimack,
No. 6472.

## William L. Chapman III

*v.*

## Marjorie B. Foote, City Clerk & *a.*

July 31, 1972.

*William L. Chapman III,* pro se, by brief, for the plaintiff.

*Warren B. Rudman,* attorney general, and *Howard B. Myers,* attorney, by brief, for the defendants.

Kenison, C.J. The single issue presented in this case is whether the six months durational residence requirement of RSA 54:8 violates the equal protection clause of the fourteenth amendment to the Constitution of the United States. RSA 54:8 in pertinent part provides: "No person shall be considered as dwelling or having his home in any town, for the purpose of voting or being voted for at any meeting, unless he shall have resided within such town six months next preceding the day of meeting . . . ."

The Supreme Court Rules of this State, effective March 1, 1972 (Supreme Court Rules 6 and 7, 110 N.H. 574-75),

relating to the time for filing briefs and oral argument were suspended and an expedited schedule (plaintiff's brief by July 17, defendants' brief by July 27, reply briefs, if any, by July 31, 1972) was ordered for filing briefs "because of the importance of deciding this question promptly in view of the upcoming September Primary Elections."

The facts are not in dispute. The plaintiff is thirty years of age and has resided in the city of Concord since June 3, 1972. He was denied the right to register to vote on June 23, 1972, by the defendants because he did not satisfy the six months residency requirement of RSA 54:8. The plaintiff's petition to register and be allowed to vote was instituted pursuant to RSA 55:16. The parties filed a joint motion to transfer the case to this court, "there being no matters of fact in issue." The case was reserved and transferred without ruling by the Superior Court (*Flynn*, J.) on July 14, 1972.

The validity of RSA 54:8 has been assumed and accepted without question for a long period of time in this State (*Davis v. School District*, 44 N.H. 398 (1862)) although it was pointed out as early as 1947 that the trend of judicial decisions was to allow a registrant's declaration of bona fide intention to be overcome only by substantial contradictory evidence. *McGee v. Bragg*, 94 N.H. 349, 352, 53 A.2d 428, 430 (1947). Guido, Student Voting and Residency Qualifications: The Aftermath of the Twenty-Sixth Amendment, 47 N.Y.U.L. Rev. 32, 33, 58 (1972). Recently, durational residency requirements for voting have come under increasing attack. Comment, Residence Requirements for Voting in Presidential Elections, 37 U. Chi. L. Rev. 359 (1970). The increasing mobility of the population has pointed up the deficiency of durational residency requirements. Cocanower and Rich, Residency Requirements for Voting, 12 Ariz. L. Rev. 477 (1970). A three judge federal district court has decided that the New Hampshire law which requires a permanent or indefinite intention to stay in one place as a qualification for registering and voting does not serve any compelling interest and offends the equal protection clause of the fourteenth amendment. *Newburger v. Peterson*, 344 F. Supp. 559 (D.N.H. 1972).

Our decision in the present case is mandated and controlled by *Dunn* v. *Blumstein*, 405 U.S. 330, 31 L. Ed. 2d 274, 92

S. Ct. 995 (1972). That case held that durational residence requirements are not necessary to further a compelling State interest, that they penalize bona fide residents who have recently traveled from one jurisdiction to another, and that a period of 30 days appears to be ample to complete whatever administrative election tasks are needed to prevent fraud and insure the purity of the ballot box. The conclusion of the Supreme Court of the United States was stated in *Dunn* as follows: "It is sufficient to note here that thirty days appears to be an ample period of time for the State to complete whatever administrative tasks are necessary to prevent fraud — and a year, or three months, too much." *Dunn supra,* 405 U.S. at 348, 92 S. Ct. at 1006.

RSA 54:8 provides for the use of transfer cards so that a person who is qualified to vote in his home town, but who moves intrastate to a new town, may, depending on the size of the town, secure the franchise in his new town even though he moves there the day before an election. A person moving from Hanover to New Ipswich the day before an election, with a valid transfer card, would be entitled to vote in New Ipswich despite his having no knowledge of the problems peculiar to that town and despite the inability of fellow residents to check him for fraudulent registration. The existence of this exception to the general requirement of town residence for six months makes it difficult to contend that the six month requirement is necessary for the furtherance of compelling State interests. In the case of an intrastate move, the legislature has determined that six months is not necessary to produce a knowledgeable vote and to prevent fraudulent registration. While it could be argued that a person who has previously resided in the State and only moved to another town is informed about statewide issues and problems, the defendants concede that they are still confronted with a determination that local problems and issues may apparently be mastered in one day.

The six months requirement of RSA 54:8 is unconstitutional under *Dunn, supra,* and election officials will be limited to a thirty day period which was allowed in *Dunn, supra.* The plaintiff is entitled to be registered to vote. In 1973 the legislature may decide to provide more detailed provisions

in the light of *Dunn, supra,* and other cases. *Cf.* RSA 65:1-a.

*Remanded.*

All concurred.